IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BOBBY JOE JONES,                    §
TDCJ #679520,                       §
                                    §
           Petitioner,              §
                                    §
v.                                  §        CIVIL ACTION NO. H-09-2936
                                    §
RICK THALER, Director,              §
Texas Department of Criminal Justice - §
Correctional Institutions Division, §
                                    §
           Respondent.              §

## MEMORANDUM AND ORDER

The petitioner, Bobby Joe Jones (TDCJ #679520, former TDCJ #541306, #977559), also known as Abdur-Rahim Alim, is a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ").  Jones has filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court conviction.  The respondent has answered with a motion to dismiss, arguing that the petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d).  (Docket No. 16).  Jones has filed a reply and he requests an evidentiary hearing as well as appointment of counsel.  (Docket Nos. 17, 18, 19).  After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons that follow.

## I.     BACKGROUND

Jones is currently in TDCJ custody, where he is serving at least five prison sentences for robbery convictions that were entered in 1994.  On March 4, 1994, a jury in the 338th District Court of Harris County, Texas, found Jones guilty of aggravated robbery in cause number 652102.  The same jury sentenced Jones to serve fifty-six years of imprisonment in that case.  On March 9, 1994, Jones entered a guilty plea to robbery charges lodged against him in cause numbers 652040, 652041, 652042, and 652043.  The trial court sentenced him to thirty-five years' imprisonment in those cases.[1]

Jones filed an appeal from his aggravated robbery conviction in cause number 652102.  During that proceeding, Jones's appointed attorney filed a brief requesting leave to withdraw, commonly known as an "*Anders* brief," which advised that a professional evaluation of the record revealed no arguable ground for appeal.[2]  The intermediate court of appeals agreed that the appeal was "wholly frivolous" and summarily affirmed the conviction.  *Jones v. State*, No. 14-94-00220-CR, 1995 WL 490981 (Tex. App. — Houston [14th Dist.] Aug. 17, 1995).  Jones did not appeal further by filing a petition for

---

[1]     Jones is also in custody as the result of several other robbery convictions.  Public records show that Jones was convicted in the 179th District Court of Harris County, Texas, on March 8, 1990, and sentenced to sixteen years' imprisonment for robbery in cause number 544853.  *See Jones v. State*, No. 14-90-00228-CR, 1991 WL 67004 (Tex. App. — Houston [14th Dist.] May 2, 1991, no pet.).  On March 25, 1994, Jones received a twenty-year prison sentence for robbery in Galveston County cause numbers 93CR0089 and 93CR0090.  *See* Texas Department of Criminal Justice, Offender Information Detail, www.tdcj.state.tx..us  (last visited March 29, 2010).

[2]     *See Anders v. California*, 386 U.S. 738, 744 (1967) (holding that counsel appointed for an appeal may request leave to withdraw if he finds the appeal to be frivolous, but must first file a brief identifying "anything in the record that might arguably support the appeal").

discretionary review with the Texas Court of Criminal Appeals.  Jones did not file an appeal from the guilty plea that he entered in cause numbers 652040, 652041, 652042, and 652043.

Jones now seeks a writ of habeas corpus under 28 U.S.C. § 2254, to challenge his March 4, 1994 conviction for aggravated robbery in cause number 652102.  Jones complains that his conviction in that case is unconstitutional because his appointed counsel was ineffective.  In two separate claims, Jones complains that his March 9, 1994 guilty plea in cause number 652040 and 652043 was coerced because (1) he was "cowed down" by the prosecutor, who threatened to take his case to trial and to stack his sentences if he were found guilty; and (2) Jones had "no faith" in his appointed attorney.

The respondent notes that, although his convictions became final in 1995, at the latest, Jones did not seek collateral review in state court until July of 2008, and he did not pursue federal habeas corpus relief until September 2, 2009.[3]  The respondent maintains, therefore, that the petition must be dismissed as untimely under the governing one-year

---

[3]     The Clerk's Office received the petition on September 9, 2009.  However, the petition is dated September 2, 2009, indicating that the petitioner placed his pleadings in the prison mail system on that date.  For statute of limitations purposes, courts in this circuit treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date.  *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

statute of limitations found in 28 U.S.C. § 2244(d).  (Docket No. 16).  Jones has filed a

reply.[4]  (Docket No. 17).  The  parties' contentions are discussed further below.

## II.    THE ONE-YEAR STATUTE OF LIMITATIONS

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the

"AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus

petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28

U.S.C. § 2244(d).  Because the pending petition was filed well after April 24, 1996, the

one-year limitations period clearly applies.  *See Flanagan v. Johnson*, 154 F.3d 196, 198

(5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

Jones attacks three state court judgments that were entered against him in March of

1994.  The statute of limitations for federal habeas corpus review began to run pursuant to

28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review."  Each

of the challenged convictions became final well before the AEDPA's effective date on

April 24, 1996.  Habeas corpus petitioners whose convictions became final before April

24, 1996 were afforded a one-year grace period to file their claims for relief in federal

court.  *See United States v. Flores*, 135 F.3d 1000, 1004 (5th Cir. 1998), *cert. denied*, 525

U.S. 1091 (1999) (discussing a habeas corpus application filed under 28 U.S.C. § 2255).

Therefore, Jones had until April 24, 1997, to file his federal writ.  *See Coleman v.*

---

[4]     Jones has also filed a motion for an evidentiary hearing on the merits of his claims and he
requests the appointment of counsel to assist him with this proceeding.  (Docket Nos. 18,
19).  Because the petition is time-barred, these motions will be denied.

*Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (citing *Flanagan*, 154 F.3d at 201-02). Jones's pending petition, filed on September 2, 2009, is late by more than twelve years and is therefore time-barred unless an exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. *See Artuz v. Bennett*, 531 U.S. 4 (2000). The record reflects that, on July 22, 2008, Jones filed a state habeas corpus application to challenge his guilty plea in cause numbers 652040, 652041, 652042, and 652043. The Texas Court of Criminal Appeals denied relief in each case, without a written order, on September 10, 2008. *See Ex parte Jones*, Nos. 70,493-01; 70,493-02; 70,493-03; 70,493-04 (Tex. Crim. App.). The record reflects that Jones also filed a state habeas corpus application to challenge his conviction in cause number 652102 with the trial court on July 22, 2008.[5] Because all of these state habeas proceedings were filed after the limitations period had already expired, none of them have any tolling effect for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

---

[5]      It is not clear whether there has been a ruling on this application yet. Jones has filed two unsuccessful petitions for a writ of mandamus. The Texas Court of Criminal Appeals has denied leave to file each one. *See Ex parte Jones*, No. 70,493-05 (Tex. Crim. App. Oct. 7, 2009) & No. 70,493-06 (Tex. Crim. App. Jan. 13, 2010). A writ of mandamus does not toll the limitations period for federal habeas review under 28 U.S.C. § 2244(d)(2). *See Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002).

Jones has filed objections to the respondent's motion to dismiss, but he has offered no valid excuse for his failure to file a timely petition before the extended limitations period expired on April 24, 1997. (Docket No. 17). The arguments and the exhibits presented by Jones do not reflect that he pursued relief with the requisite due diligence. *See Lawrence v. Florida*, — U.S. —, 127 S. Ct. 1079, 1085 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Although the petitioner proceeds *pro se* on federal habeas review, his incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling). Jones presents no other basis for statutory or equitable tolling and the record fails to disclose any. Accordingly, Jones's petition must be dismissed as barred by the governing one-year limitations period.

## III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of

appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  The statute of limitations on federal habeas corpus review has been the law for over twelve years, since April of 1996.  This Court concludes that jurists of reason

would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim.  Therefore, a certificate of appealability will not issue.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion to dismiss (Docket No. 16) is **GRANTED**.

2. The petitioner's motions for an evidentiary hearing (Docket No. 18) and for appointment of counsel (Docket No. 19) are **DENIED**.

3. The federal habeas corpus petition is **DISMISSED** with prejudice as barred by the statute of limitations.

4. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas this 31st day of March, 2010.

_____
Kenneth M. Hoyt
United States District Judge

8